**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LASHON WAGNER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil No. 3:15-CV-00867-M-BK** |
| | § | |
| **CITIMORTGAGE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  The cause is now before the Court on Defendant's *Motion to Dismiss.*  Doc. 5. For the reasons that follow, it is recommended that Defendant's motion be **GRANTED**.

**I. PROCEDURAL HISTORY**

In March 2015, Plaintiff filed this *pro se* action in connection with the foreclosure of her real property located at 1228 Regents Park Court, Desoto, Texas 75115 (the "Property"). Plaintiff brought claims for (1) negligence; (2) fraudulent misrepresentation; (3) concealment; (4) wrongful foreclosure; (5) unjust enrichment by conversion; (6) trespass to try title; (7) quiet title; and (8) breach of contract.  Doc. 3 at 6-13.  In addition to damages, she sought an accounting, a temporary restraining order to halt the sale of the Property, and declaratory relief. Doc. 3 at 12-13.  Defendant now moves to dismiss Plaintiff's case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. 5.

In Plaintiff's counseled response to the motion, she "concurs that the current pleadings on file do not conform to Rule 12(b)(6)."  Doc. 15 at 2.  Additionally, Plaintiff  indicates that she no longer intends to pursue her causes of action for negligence, unjust enrichment, breach of contract, or an accounting, and that she will instead file an amended complaint to restate her

claims of fraud, trespass to try title or quiet title, and declaratory judgment.  Doc. 15 at 2-3.

Defendant objects to Plaintiff's intention to file an amended complaint, noting that doing so

would be futile because the claims she intends to assert are barred by res judicata.  Doc. 19 at 2-

6.  Defendant has submitted in support of its argument, the complaint, memorandum opinion,

and final judgment from the prior suit filed by Plaintiff's husband, which concerns the Property.

Doc. 20 (*Wagner v. Citimortgage, Inc.*, No. 3:13-CV-1121-K (*Wagner I*)).

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does

not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007).  In this case, Plaintiff acknowledges that her complaint fails

to state a claim.  Thus, the only issue is whether the Court should permit her to file an amended

complaint.  Federal Rule of Civil Procedure 15(a) requires a trial court to grant a party leave to

amend a complaint freely, and the language of the rule "evinces a bias in favor of granting leave

to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th

Cir. 2014) (citation omitted).  Leave to amend is by no means automatic, but the court must have

a "substantial reason" to deny a party's request to amend.  *Id.*  In deciding whether to grant or

deny a motion to amend, the court may consider a variety of factors including "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the

amendment." *Id.* (quoting *Jones v. Robinson Prop. Grp.*, LP, 427 F.3d 987, 994 (5th Cir. 2005)).

"An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.*

Defendant contends that Plaintiff's proposed amended complaint would be futile because

of a prior federal court judgment involving the same Property.  Doc. 19 at 2-6.  Federal law

applies when a federal court determines the preclusive effect of a prior federal court judgment based on federal jurisdiction. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) (holding that in the absence of a federal governing statute or rule, the res judicata effect of a federal judgment is determined by federal common law). A claim is barred by federal principles of res judicata if: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

A nonparty to a prior suit can be bound by a judgment in that suit when "adequately represented by someone with the same interest who was a party to the suit." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) (alteration omitted). Another exception to the identical party rule applies when res judicata can be justified based on the "substantive legal relationship" between the nonparty to the first action and the party in the action to be precluded. *Id.* In *Eubanks v. FDIC*, 977 F.2d 166, 170 (5th Cir. 1992), a wife was held to be in privity with her husband, thus preventing her from filing claims that had already been asserted by her husband based on his interest in a partnership. Additionally, the res judicata effect of a prior judgment extends to all claims a plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose" that a plaintiff could have raised in the prior action. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (citation and emphasis omitted); *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

## III. ANALYSIS

Addressing the first factor of the res judicata analysis, a comparison of the pleadings in this case and *Wagner I* reveals that the parties are in privity because Plaintiff's husband filed the

first case.  The facts involved in the case at bar are analogous to those in *Eubanks*, and Plaintiff's relationship with her husband thus satisfies the privity requirement under the res judicata analysis.  *See Eubanks*, 977 F.2d at 170.  As to the second factor, both cases are in courts of competent jurisdiction, namely, this Court, pursuant to diversity jurisdiction.  *Test Masters*, 428 F.3d at 571.  Next, on February 5, 2014, Judge Kinkeade entered a final judgment in *Wagner I* dismissing all of claims against Defendant with prejudice.  Doc. 20 at 31-41.  No direct appeal was taken, thus, that judgment is final.  *Test Masters*, 428 F.3d at 571.   As for the fourth and last factor, Plaintiff's claims in both cases are the same in that her husband raised claims for quiet title, trespass to try title, and fraud, and he sought a declaratory judgment to the same effect as that which Plaintiff seeks in this case regarding the same Property.  Doc. 20 at 7-10.  *Test Masters*, 428 F.3d at 571; *see United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (holding that for the fourth prong of the res judicata analysis, the claims at issue must all rise out of the same nucleus of operative facts).  In conclusion, Plaintiff's request for leave to her amend her complaint should be denied, and this case should be dismissed with prejudice under the doctrine of res judicata. *Marucci Sports*, 751 F.3d at 378.

## IV. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss*, Doc. 5, should be **GRANTED**.

**SO RECOMMENDED** on December 14, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE